IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNIVERSAL CONSTRUCTION, INC., Plaintiffs, | ) | |
| v. | ) | No. 03-2370C ( Senior Judge Smith ) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S ANSWER AND COUNTERCLAIM

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law, to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

2. Admits the allegation contained in paragraph 2 that plaintiff is Universal Construction, Inc.; denies the allegation contained in paragraph 2 that plaintiff is an Idaho corporation for lack of knowledge or information sufficient to form a belief as to its truth.

3. Admits.

4. Admits.

5. Admits the allegation contained in paragraph 5 that plaintiff submitted three claims and the allegations regarding the substance of those claims only to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies those allegations. The remaining allegations contained in paragraph 5 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

6. Admits the allegations contained in the first sentence of paragraph 6 that "defendant terminated for default plaintiff's right to complete the work, reprocured to third parties for completion of the work." Admits the allegations contained in the second sentence of paragraph 6 that defendant "issued its Contracting Officer's Decision dated October 8, 2003"; admits the remaining allegations contained in the second sentence of paragraph 6 to the extent supported by the Contracting Officer's Decision cited, which is the best evidence of its contents; otherwise denies the remaining allegations contained in the second sentence of paragraph 6. The allegations contained in the third sentence of paragraph 6 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

Count I

7. Defendant's responses to paragraphs 1 through 6 of the complaint are incorporated by reference.

8. Denies.

Count II

9. Defendant's responses to paragraphs 1 through 8 of the complaint are incorporated by reference.

10. Denies.

11. Denies each and every allegation not previously admitted or otherwise qualified.

12. Denies that plaintiff is entitled to the relief requested in its prayers for relief or to any relief whatsoever.

COUNTERCLAIM

1. On March 23, 2001, the Western Federal Lands Highway Division of the Federal Highway Administration, United States Department of Transportation ("DOT") issued a solicitation to perform 10.3 kilometers of grading, base, paving and aggregate surfacing, and to build one new bridge approximately 50 kilometers north of Idaho Falls in Jefferson County, Idaho (the "solicitation").

2. Universal Construction, Inc. ("Universal") submitted an offer in response to the solicitation. Universal's bid of $436,282.94, which was 28 percent below the Government estimate, was the lowest of six bids.

3. On August 8, 2001, Universal confirmed to DOT that its submitted bid was correct.

4. On August 21, 2001, DOT awarded Contract No. DTFH70-01-C-00034 to Universal (the “contract”).

5. By letter dated September 7, 2001, and acknowledged as received on September 10, 2001, the Government issued a notice to proceed providing September 10, 2001 as the date Universal could proceed on the contract under the contract clause 52.211-10.

6. On September 28, 2001, Universal finally submitted an acceptable contractor quality control plan, as required under the contract, and on that same date, a notice to Universal to begin work was issued.

7. Universal failed to meet the contract's delivery date.

8. After sending Universal a notice to cure, on June 20, 2002, the contracting officer issued a decision terminating the contract for default.

9. On June 17, 2002, DOT issued Solicitation No. DTFH70-02-R-00016 to Desert Sage Contractors, Inc. ("Desert Sage"), the second low bidder on the original solicitation for the project. The request called for the work to be completed on October 11, 2002.

10. On July 10, 2002, the Government issued Letter Contract, Contract No. DTFH70-02-C-00025 (the "reprocurement contract"), to Desert Sage to allow the immediate preparatory work for paving, and to obtain paving and stripping so that the parking area could be ready for the 2002 season. This letter contract was limited to $75,000.00.

11. On July 31, 2002, the Government issued Contract Modification No. 01, increasing the amount of the contract by $500,690.90, for a total reprocurement contract amount of $575,690.90.

12. On October 31, 2002, the Government executed Modification No. 3, extending the completion date of the contract three days to October 14, 2002 for some miscellaneous additional work. Desert Sage substantially completed the work on the project by October 14, 2002.

13. On October 8, 2003, DOT assessed reprocurement costs against Universal in the amount of $277,120.15.

14. The reprocurement costs assessed against Universal represent a difference between the dollar value of the original contract awarded to Universal and the dollar value of the reprocurement contract awarded to Desert Sage, which amounts to $125,120.15, and also liquidated damages in the sum of $152,000.00, for 304 days at the rate of $500.00 per day.

15. The DOT received and paid for the items that were the subject of the reprocurement contract.

WHEREFORE, the United States requests that the Court enter judgment in its favor in the amount of $277,120.15 and grant the United States such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

s/James M. Meister
JAMES M. MEISTER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel: (202) 305-3079

OF COUNSEL:

TIMOTHY J. BINDER, ESQ.
Division Counsel
Western Federal Lands Highway Division

Date: December 15, 2003

CERTIFICATE OF FILING

I hereby certify that on this 15th day of December, 2003, a copy of the foregoing DEFENDANT'S ANSWER AND COUNTERCLAIM was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/James M. Meister