IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNIVERSAL CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 03-2370C |
| | ) | (Senior Judge Loren A. Smith) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY TO THE COUNTERCLAIM**

Plaintiff Universal Construction, Inc., ("UCI") as and for a Reply to the Defendant's Counterclaim hereby admits, denies and alleges as follows:

**FIRST DEFENSE**

UCI denies each and every allegation set forth in the Counterclaim unless specifically admitted herein.

**SECOND DEFENSE**

1. In response to the allegations set forth in paragraph 1 of the Counterclaim, UCI admits only that the Western Federal Lands of the Highway Division of the Federal Highway Administration, United States, Department of Transportation ("DOT"), issued the subject solicitation.

2. In response to the allegations set forth in paragraph 2 of the Counterclaim, UCI admits that it submitted an offer in the amount of $436,282.94. In response to the balance of the allegations, UCI is without knowledge or information sufficient to form a belief as to the truth of the averment and therefore denies the same.

3. In response to the allegations set forth in paragraph 3 of the Counterclaim, UCI

admits the allegations.

4. In response to the allegations set forth in paragraph 4 of the Counterclaim, UCI admits the allegations.

5. In response to the allegations set forth in paragraph 5 of the Counterclaim, UCI admits that it received Notice to Proceed on September 10, 2001.

6. In response to the allegations set forth in paragraph 6 of the Counterclaim, UCI admits that on September 28, 2001, the Department of Transportation ("DOT") finally accepted its quality control plan, however, denies that the quality control plans previously submitted failed to comply with the Contract requirements.

7. In response to the allegations set forth in paragraph 7 of the Counterclaim, UCI admits that the project was not completed on the date specified in the Contract.

8. In response to the allegations set forth in paragraph 8 of the Counterclaim, UCI admits that the government issued a Cure Notice and that it terminated the Contract alleging default on June 20, 2002.

9. In response to the allegations set forth in paragraph 9 of the Counterclaim, UCI is without knowledge or information sufficient to form a belief as to the truth of the averments.

10. In response to the allegations set forth in paragraph 10 of the Counterclaim, UCI is without knowledge or information sufficient to form a belief as to the truth of the averments.

11. In response to the allegations set forth in paragraph 11 of the Counterclaim, UCI is without knowledge or information sufficient to form a belief as to the truth of the averments.

12. In response to the allegations set forth in paragraph 12 of the Counterclaim, UCI is without knowledge or information sufficient to form a belief as to the truth of the averments.

13. In response to the allegations set forth in paragraph 13 of the Counterclaim, UCI admits that DOT asserts entitlement to reprocurement costs in the amount alleged.

14. In response to the allegations set forth in paragraph 14 of the Counterclaim, UCI is without knowledge or information sufficient to form a belief as to the truth of the averments.

15. In response to the allegations set forth in paragraph 15 of the Counterclaim, UCI is without knowledge or information sufficient to form a belief as to the truth of the averments.

**FIRST AFFIRMATIVE DEFENSE**

Defendant should be barred from proceeding with its Counterclaim based upon its material breach of the parties' Contract.

**SECOND AFFIRMATIVE DEFENSE**

As and for an affirmative defense to the allegations set forth in the Counterclaim, UCI realleges the allegations and claims set forth in the case styled *Universal Construction, Inc. v. The United States*, pending in this Court as Case No. 03-1502C.

**THIRD AFFIRMATIVE DEFENSE**

Defendant should be estopped from claiming entitlement to liquidated damages under the parties' Contract based upon DOT's substantial delays to UCI's performance of the Contract work.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant should be barred from recovering on its Counterclaim based on its failure to take reasonable steps to mitigate its claimed or alleged damages.

**FIFTH AFFIRMATIVE DEFENSE**

The Counterclaim fails to state a claim upon which relief may be granted.

WHEREFORE, Plaintiff requests that the Court dismiss the Counterclaim with prejudice, that Defendant take nothing thereby, and that judgment be entered in Plaintiff's favor as set forth in the complaint in Cause No. 03-1502C and in Cause No. 03-2370C.

Dated this 5th day of January, 2004.

s/ John S. Stewart
John Spencer Stewart
STEWART SOKOL & GRAY LLC
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047
Telephone: (503) 221-0699
Fax: (503) 227-5028

Of Counsel:

s/ Robert B. Coleman
Robert B. Coleman
STEWART SOKOL & GRAY LLC
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047
Telephone: (503) 221-0699
Fax: (503) 223–5706

W:\WORK\RBC\ICW\Universal\Pleadings\ANSWER.Ctclm.wpd

**CERTIFICATE OF FILING**

I hereby certify that on this 5th day of January, 2004, a copy of the foregoing REPLY TO THE COUNTERCLAIM was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ John Spencer Stewart

____________________________________

John S. Stewart
STEWART SOKOL & GRAY LLC

W:\WORK\RBC\ICW\Universal\Pleadings\ANSWER.Ctclm.wpd:bel