IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| UNIVERSAL CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2370C |
| v. | ) | ( Sr. Judge Smith ) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 of the United States Court of Federal Claims, plaintiff, Universal Construction, Inc. ("Universal"), and defendant, the United States, respectfully submit the following Joint Preliminary Status Report.

a. Plaintiff believes that all jurisdictional requirements have been met. Defendant is not aware of any jurisdictional issues at this time.

b. This case concerns defendants' reprocurement with respect to the termination for default of Universal, and is directly related to a prior action filed by Universal, styled as Universal Construction, Inc. v. United States, Case No. 02-1502C. Because the cases are directly related – they are based upon the same contract and construction project, and involve the same parties – the parties have filed a motion to consolidate this case with Case No. 02-1502C. The motion to consolidate has been filed with the Court in Case No. 02-1502C, the earlier-filed matter.

c. The parties are not aware of any reasons at this time for bifurcation of trial into liability and damages phases.

d. The parties are not aware of any reason why proceedings should be deferred

pending consideration of any other case.

e. The parties do not believe that remand or suspension will be sought.

f. The parties do not expect that any additional parties will be joined.

g. The parties anticipate that either or both may file a motion pursuant to RCFC 56 after discovery. The parties' proposed discovery schedule allows for time for filing of RCFC 56 motions.

h. The relevant facts and legal issues are:

1. Relevant facts:

This dispute primarily concerns a road-building project. Universal, as the low bidder, was awarded a contract by the Western Federal Lands Highway Division of the United States Department of Transportation (the "DOT") and, in early September, 2001, was given notice to proceed on the project, which had a three-month completion period. On June 20, 2002, after DOT's issuance of a notice to cure, after Universal's request for extension of time to complete performance and additional compensation based upon differing site conditions, and after considerable correspondence and discussions between DOT and Universal, the contracting officer terminated Universal for default. DOT reprocured the remaining contract work to Desert Sage Contractors, Inc. ("Desert Sage") for completion of the contract work and, subsequently, on October 8, 2003, the DOT assessed costs against Universal in the amount of $277,120.15. The costs assessed against Universal represent a difference between the dollar value of the original contract awarded to Universal and the dollar value of the reprocurement contract awarded to Desert Sage, which amounts to $125,120.15, and also liquidated damages in the sum of $152,000.00, for 304 days at the rate of $500.00 per day.

As it did in Case No. 03-1502C, Universal contends that the mandatory Government supplied borrow source, i.e., the source of soil or fill for use in the road-building project, contained material that was not adequate or suitable for the project and that could not reasonably be made adequate or suitable for the project. Universal also contends that the Government withheld progress payments improperly, delayed progress on the project by failing to cooperate with Universal in scheduling the project, and improperly denied Universals' claim for additional compensation and time. In addition, Universal contends that defendant is not entitled to the reprocurement costs assessed by DOT.

Defendant contends that the contract was properly terminated for default, that Universal did not timely complete the project due to Universal's own inefficiencies and/or lack of resources. Defendant contends that Universal's claims of differing site conditions, and reasons for not completing the project on time and seeking an extension of time for completion, were without factual basis. Defendant contends that Universal is liable for the reprocurement costs assessed by the DOT.

2. Relevant legal issues:

The parties agree that the main legal issues in this action are, with the addition of 2(D) below, the same as those in Case No. 1502C, to wit:

A. Was Universal entitled to an extension of contract time and an equitable adjustment because of differing site conditions encountered with respect to the DOT's designated borrowed source?

B. Should defendant's termination for default be converted to a termination for convenience because of differing site conditions encountered with respect to the DOT's

designated borrowed source?

C. Did the inadequate borrow source constitute either a type 1 or type 2 differing site condition?

D. Is defendant entitled to the reprocurement costs assessed by the DOT?

Plaintiff also believes that additional legal issues in this action include:

E. Did the inadequate borrow material constitute a breach of the implied warranty that accompanied defendant's plans and specifications?

F. Did defendant breach the contract by withholding progress payments from Universal?

i. The parties intend to explore settlement. Plaintiff believes that some form of ADR would be appropriate; defendant does not believe that formal ADR is necessary. Defendant believes that settlement negotiations will be most productive and meaningful after appropriate initial discovery is completed.

j. The parties anticipate proceeding to trial unless a settlement is reached or the case is disposed of by a RCFC 56 motion. The parties do not request an expedited trial scheduling.

k. There are no special issues regarding electronic case management needs of which the parties are aware at this time.

l. The parties are not aware of any additional information of which the Court should be aware at this time.

**PROPOSED DISCOVERY PLAN**

The parties anticipate that discovery will be required in this case, but that the discovery is the same as that required in Case No. 03-1502C. Accordingly, the parties propose that the Court, upon consolidation with Case No. 03-1502C, adopt the discovery plan currently in place in Case

No. 03-1502C, which is as follows:

a. Document discovery shall be completed not later than March 15, 2004;

b. Depositions, except for those of expert witnesses, shall be completed not later than May 15, 2004;

c. Expert reports shall be disclosed on or before June 15, 2004;

d. Depositions of experts shall be completed not later than July 30, 2004; and

e. Dispositive motions, if any, shall be filed not later than August 31, 2004.

At present, the parties do not believe that consolidation of this action with Case No. 03-1502C will require additional time for discovery in Case No. 03-1502C. The parties believe that this discovery plan will allow sufficient time to conduct orderly discovery in this case, and to explore settlement negotiations and/or ADR, if appropriate.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

s/John Spencer Stewart
JOHN SPENCER STEWART, ESQ.
ROBERT B. COLEMAN
STEWART SOKOL & GRAY LLC
2300 SW First Avenue, Suite 200
Portland, Oregon 97201-5047
Tel: 503) 221-0699
Attorneys for Plaintiff

s/James M. Meister
JAMES M. MEISTER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
Tel: 202-305-3079

Of Counsel:
TIMOTHY J. BINDER, ESQ.
Division Counsel
Western Federal Lands Highway Divsion

February 5, 2004